E-FILED
Friday, 30 May, 2008  08:40:33 AM
Clerk, U.S. District Court, ILCD

# United States District Court

_____ CENTRAL     DISTRICT OF     ILLINOIS _____

UNITED STATES OF AMERICA

v.

Glen Cloyd,

**CRIMINAL COMPLAINT**

CASE NUMBER: 08- mj-7222

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about __May 12, 2008__ in __Vermilion__ county, in the __Central__ District of __Illinois__ defendant(s) did:

knowingly distributing five or more grams of cocaine base ("crack")

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and (b)(1)(B)__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the
                                    Official Title
following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof:     ☒ Yes     ☐ No

s/ Grady Murdock
_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__May 29, 2008__                            at   Urbana, Illinois
Date                                              City and State

Michael P. McCuskey                         s/ Michael P. McCuskey
Chief U.S. District Judge
_____           _____
Name & Title of Judicial Officer              Signature of Judicial Officer

**FILED**

MAY 29 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## AFFIDAVIT

I, GRADY MURDOCK, being first duly sworn on oath, depose and state as follows:

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives for the last three years, and have seven years of previous law enforcement experience as a Deputy United States Marshal with the United States Marshals Service, and am assigned to the Springfield, Illinois Group I Field Office of the Chicago Field Division.

2. My assigned territory includes Vermillion County within the jurisdiction of the United States District Court for the Central District of Illinois, Urbana Division. My assigned duties include the investigation of federal criminal offenses pertaining to controlled substances including the offense of a person knowingly or intentionally possessing with intent to distribute, or distributing, a controlled substance, in violation of 21 U.S.C. Section 841(a)(1). I have also conducted and participated in several investigations involving the detection and investigation of drug trafficking violations, including distribution of controlled substances, conspiracy to distribute controlled substances, and the carrying or possession of firearms during drug trafficking crimes.

3. This affidavit is made in support of a criminal complaint and arrest warrant charging GLEN CLOYD with distribution of five or more grams of cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

4. The statements contained in this affidavit are based in part on my own personal observations, information provided by Vermillion County Metropolitan Enforcement Group (VMEG) agents and other law enforcement officers, on information

provided by other witnesses, and on my experience and background as a special agent with ATF. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to believe that CLOYD distributed five grams or more of cocaine base ("crack") in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

5. On May 12th, 2008, a Confidential Informant (hereinafter "CI"), working with both ATF and VMEG, contacted Glen Cloyd by telephone. During this recorded conversation, the CI arranged to purchase a quarter-ounce (approximately seven grams) of cocaine base ("crack") from Cloyd.

6. Later on May 12th, law enforcement agents met the CI, searched the CI and his car for money or contraband, and found none. The CI was then equipped with an electronic audio and video recorder. The CI was also given U.S. currency for the purchase of the "crack".

7. Continual surveillance followed the CI to Cloyd's home, 910 Fowler Avenue, Danville, Illinois. The CI then entered the home, met with Cloyd, and received the crack in exchange for the money. (During the transaction, law enforcement agents monitored the transaction by audio. The video portion was reviewed after the transaction).

8. The CI was under continual surveillance while leaving Cloyd's home until he met with agents at a pre-arranged meeting location. The CI met with no other persons traveling either to or from Cloyd's home. Once he met the agent's, the CI provided the agents with the crack he purchased from Cloyd. Law enforcement agents then again searched the CI and his car for money or contraband, and found none.

9. The crack, which several of the law enforcement agents recognized as crack, was field-tested with positive results for cocaine. The crack was field tested and weighed with a weight of 6.27 grams while packaged in a plastic bag corner.

Further affiant sayeth not,

s/ Grady Murdock

GRADY MURDOCK
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before me this 29th day of May, 2008.

s/ Michael P. McCuskey

MICHAEL P. McCUSKEY
Chief, United States District Judge

-3-