E-FILED
Monday, 30 June, 2008   11:21:39 AM
Clerk, U.S. District Court, ILCD

**United States District Court**
**Central District of Illinois**
**Urbana Division**

## ORDER OF DETENTION PENDING TRIAL

**United States of America**                                **Case Number:**   08-20033

v.

**GLEN A. CLOYD**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### PART I - FINDINGS OF FACT

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### ALTERNATE FINDINGS (A)

X (1) There is probable cause to believe that the defendant has committed an offense:
  X for which a maximum term of imprisonment of ten years or more is prescribed in **21 U.S.C. §§ 841(a)(1) and (b)(1)(B)**.
  ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the afety of the community.

### ALTERNATE FINDINGS (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**PART II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(~~a preponderance of the evidence~~) that:

**The evidence does not rebut the statutory presumption with respect to risk of danger. In fact, the following factors re enforce the need for detention in this case. The charges include controlled substance and weapons offenses. The Defendant has a prior felony conviction. In connection with that matter, he violated parole. He has reportedly admitted to carrying a weapon on a regular basis. He has acknowledged a gang affiliation dating back to age 12. He reportedly threatened to kill the person he believes to be the confidential informant in his case.**

## PART III - Directions Regarding Detention

**The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

ENTER this 30th day of June, 2008.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE