E-FILED
Wednesday, 02 July, 2008  03:57:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CASE NO. 08-20033 |
| | ) |
| GLEN A. CLOYD, JR. | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRE-TRIAL DISCOVERY

Now comes the Defendant, GLEN A. CLOYD, JR., by and through his attorney BAKU N. PATEL of DOYLE, LEHMAN & PATEL, P.C., and moves this Honorable Court, pursuant to the Federal Rules of Criminal Procedure, Rule 16, to enter an Order directing the United States:

A. To disclose to the defense counsel the following material and information within its possession or control:

1. The names and last known addresses of persons whom the United States intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements and a list of memoranda reporting or summarizing their oral statements;

2. Any written or recorded statements and the substance of any oral statements made by the accused or by a co-defendant, and a list of witnesses to the making and acknowledgment of such statements;

3. A copy of all written or recorded statements, memoranda, and summaries or oral statements of persons whom the United States Attorney intends to call as witnesses in the prosecution of this cause of action, or by any person who has knowledge pertinent to this cause of action, or by any person who has knowledge pertinent to this cause of action but who will not be used as a witness by the United States of America.

4. A list of criminal and juvenile records, if any, of all witnesses, including the Defendant's, whom the United States plans to call to testify, and a copy of all the criminal records pertaining to people interviewed by the United States concerning this cause.

5. Any and all written or recorded statements and the substance of any oral statements made by the Defendant herein to agents of the United States or to private individuals assisting the aforesaid authorities, including any warnings of rights read to alleged waivers obtained from the Defendant.

6. All written reports, notes, memoranda, maps, drawings or written diagrams, drawn or otherwise prepared by the Police Department or any other agency, the United

      States Attorney , or any other law enforcement agency of individual, in connection with or pertaining to the investigation of the crimes charged against the Defendant herein.

7. All tangible or demonstrative objects, books, papers or documents which the United States Attorney will use in the hearing or trial, or which were obtained from or belonging to the accused, including that evidence which was seized at the time of the apprehension or the Defendant, with copies of search warrant(s) and, if such search was based on any alleged consent was obtained.

8. Any and all evidence in possession and control of the United States, or its agents which may be favorable to the Defendant and material to the issue of guilt or punishment or could reasonably weaken or affect any evidence proposed to be introduced against the Defendant or is relevant to the subject matter of this cause of action, or in any manner may aid this Defendant in the ascertainment of the truth. Bray v. Maryland (1962), 373 U.

9. A transcript of those portions of grand jury minutes containing testimony of persons whom the prosecuting attorney intends to call as witnesses at a hearing or trial;

10. Any reports or statements or experts, made in connection with this case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons, and a statement of qualifications of the expert;

11. Any books, papers, documents, photographs or tangible objects which the United States intends to use in a hearing or trial or which were obtained from or belong to the accused;

12. The names and addresses of witnesses the United States intends to call as rebuttal witnesses, together with the information required to be disclosed under the Federal Rules of Criminal Procedure, Rule 16, and a specific statement as to the substance of the testimony such witnesses will give at trial.

13. Whether there has been any electronic surveillance (including wire-tapping) of conversations to which the accused was a party, or of his premises;

14. Any material or information which tends to negate the guilt of the accused as tot he offenses charged or would tend to reduce their punishment therefor.

B. To perform its obligations under the Federal Rules of Criminal Procedure, Rule 16, as soon as practicable after filing of this motion, and

1. To notify defense counsel whether material and information, described in general terms, may be inspected, obtained, tested, copied or photographed during specific reasonable times; and,

2. To make available to defense counsel at the time specified such materials and information, and suitable facilities or other arrangements for inspection, testing, copying and photographing of such material and information.

C. To ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offenses charged;

D.  To make inquiry of all governmental personnel; including state, county, or municipal, who may have material or information which would otherwise be discoverable if in the possession or control of the United States, to cause such material or information to be made available to defense counsel; or if unsuccessful, to advise defense counsel of the need to subpoena such material or information and to whom such subpoena should be directed;

E.  To provide any and all other relevant or material information or material not covered by Federal Rules of Criminal Procedure, Rule 16.

F.  To indicate what, if any, material or information, otherwise discoverable, the United States intends to refuse to disclose and the basis for such refusal as provided in the Federal Rules of Criminal Procedure, Rule 16.

G.  To be prohibited from advising any person or persons having relevant material or information to refrain from discussing the case with defense counsel or showing defense counsel any relevant material, or otherwise impede defense counsel's investigation of the case.

H.  Upon discovery of additional material or information, if subsequent to compliance with Federal Rules of Criminal Procedure or Order of Court, to promptly notify defense counsel of the existence of any additional material or information.

I.  To advise defense counsel whether any parts of certain material discoverable under the Federal Rules of Criminal Procedure have been excised and the reason for excision.

WHEREFORE, the Defendant, GLEN A. CLOYD, JR., respectfully prays this Court enter an Order providing for all matters as set out above.

Respectfully submitted,
GLEN A. CLOYD, JR., Defendant

s/Baku N. Patel_____
Baku N. Patel - Bar No.: 6244272
Attorney for Defendant
Doyle, Lehman & Patel, P.C.
Attorneys at Law
1022 N. Vermilion
Danville, IL 61832
Telephone: (217) 446-3844
Fax: (217) 446-1734
E-mail: bnpatel@doylelawteam.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA, ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) CASE NO. 08-20033 |
| | ) |
| **GLEN A. CLOYD, JR.** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

United States Attorney
201 S. Vine
Urbana, IL 61801


s/Baku N. Patel_____
Baku N. Patel - Bar No.: 6244272
Attorney for Defendant
Doyle, Lehman & Patel, P.C.
Attorneys at Law
1022 N. Vermilion
Danville, IL 61832
Telephone: (217) 446-3844
Fax: (217) 446-1734
E-mail: bnpatel@doylelawteam.com